v. A.T.E. Mr. Brooke. Good morning, your honors, counsel, may it please the court, my name is John Brooke, I'm an attorney for D.C. v. Imports, L.L.C. D.C. v. Imports is a fireworks importer and display company in central Illinois. D.C. v. Imports only imports and uses fireworks which are called special fireworks or display fireworks similar to what goes off at Navy Pier. Those are the ones that are regulated by the ATF. D.C. v. has been a federal explosive license holder since 2004 with no record of violations at that time, but there were several inspections when the license was renewed. An inspection in 2003 found violations of D.C. v.'s daily summary of magazine transactions, or as we refer to them, DSMTs, since 2013. The predecessor corporation had multiple violations and in fact had to surrender its license. The prior corporation, S.N. Fireworks, was operated by Mr. Vineyard's parents at one time and then his mother. He was heavily involved. He was a responsible person on license, but as you look at the definition of responsible person and the facts in the case, Mr. Vineyard was a site manager. He was responsible for transporting fireworks from point A to point B and also for shooting off the fireworks. He wasn't responsible for the daily summary of the magazine transactions. That wasn't his job. He did sign the notice of violations, but all that does is give an issue of whether you received them or not, similar to a traffic ticket. But we can't consider the evidence of the current violations in a vacuum. It's against the backdrop of the predecessor corporation's repeated violations and licensure surrender and his involvement in that family corporation. This was just rolled over into a new corporation. Actually this corporation was started and incorporated long before the violations. I understand that, but it bought the license, it bought the prior corporation and then secured its own license, so it can't be separated. Well, there was no determination that there were in fact violations with S&N. S&N was going through an administrative process and surrendered its license because Darren's mother, Niecy, Mary Vineyard, was having health problems, but there wasn't a determination that there were violations. There were allegations that the ATF found that there were violations, but there was no determination of that. It's similar to someone being accused of a crime, but no determination being made of that. Those violations were being contested by S&N. until the health problems of Ms. Vineyard occurred, and then the property was transferred to assets and the business was transferred over to son Darren for his operation. And that is his first time really having to deal with DCV as all aspects of the fireworks business, the DSMTs, the Daily Summary of Magazine transactions. Those are the first evidence he had because before DCV was just an importer of fireworks and then sold them directly to S&N. Now DCV, when S&N surrenders its license, DCV takes over as the license holder and has all aspects of that. The standard in this case, or the standard that has been put forward that we have an objection to is that knowledge plus violation equals a revocation, or in this case a denial of the renewal of the license. We believe that that's an incorrect standard because using that standard, negligence could also be tantamount to being revoked. There are cases, and the Administrative Law Judge went through great pains to talk about Darren's prior knowledge and the fact that he was a responsible person. And under 18 U.S.C. 840 S, a responsible person is an individual who has the power to direct the management and Why wouldn't negligence be enough for revocation? Because the standard is that the violations must be done willfully. And there are cases which show that willful is not equal to negligence. That's true. You'd think though negligence in a warehouse full of fireworks would be a serious danger. Well, Your Honor, you have to understand that under the ATF regulations all the fireworks have to be logged in on a daily basis, logged in and logged out. You have thousands of different types of items which go through a particular fireworks manufacturer. These regulations were designed for the explosive industry, but since fireworks dealers have to keep track of their shells from anywhere from 2-inch shells all the way up to 12-inch shells plus their cake items plus their candles, you have hundreds or you could have potentially hundreds of entries that have to be made, particularly during the 4th of July busy season. And if you have a mistake of I took out two cases or I took out three cases and only put down two, each and every day that would be a continued violation because that would just not carry the one when you're in the magazine. Those are negligence and that shouldn't be enough and Congress didn't say that that should be enough for revocation of a license. These are math errors and this occurs every day in the fireworks industry. And it's not uncertain because these records are very extensive and they have to be maintained every day. They have to try and reconcile their fireworks on an annual basis, usually after the busy season. When you have the majority of probably 80% of your income for the 4th of July season that becomes very difficult sometimes and human errors occur. You have lots of people in the magazine. So willfulness is required under the statute and it's more than just Darren Vineyard had a lot of knowledge because he quote grew up in the business. But the facts and evidence in the case clearly show that Mr. Vineyard was just a site manager as set forth in 27 CFR 555.11 because the regulations broaden the definition of responsible person. There wasn't any evidence that Darren was responsible for these DSMTs on a daily basis. And therefore the fact that knowledge plus violations equals revocation, the mere negligence is not a standard and mere negligence is not a standard that any court has ever upheld. I'll reserve the rest of my time for rebuttal. Thank you. Okay. Thank you, Mr. Brook. Mr. Walters. May it please the court, Tice Walters for the Bureau of Alcohol and Tobacco Firearms and Explosives. Your honors, the essential facts in this case are not in dispute. ATF's collected a considerable quantity of explosives in its inventory resulting in 870 net pounds of unaccounted for explosive material. ATF is not arguing here that the standard is knowledge plus violation. The standard as the parties agree and as this court has said is knowledge plus plain indifference to known duties. So the sole question in this case is whether ATF's director properly concluded that there was plain indifference. And here we have a number of undisputed facts demonstrating such plain indifference. You have the choice to put Vinnie Vineyard in charge of DCV's records despite the fact that he had previously proven himself either unable or unwilling to adequately maintain the records. You have a lack of supervision or remedial training. Vinnie Vineyard himself said that he knew that he struggled, knew that he could have asked ATF for help yet failed to do so because he did not enjoy maintaining the records. He further delegated recordkeeping responsibilities to his cousin and trained her himself despite knowing in his own words that he was probably not the best person for that job. Ultimately he ceased paying attention to the records entirely. And of course you had the magnitude of the violations that resulted. So the ALJ's decision, the director's decision makes very clear that there was a finding of plain indifference, not merely a violation and knowledge of the requirements. It may also be worth pointing out briefly that DCV had no inventory on hand until it purchased S&N. It would import the fireworks and then transfer them to S&N. So while it did have good inspections prior to having purchased the inventory, there was essentially nothing to inspect. The regulations at issue here require DCV to maintain exposes materials that comes into its possession, say where it keeps them and record they're having left its possession. And the many choices that it made to essentially shrug its shoulders at those requirements demonstrate plain indifference. If the court has no further questions, we are happy to rest our briefs. Okay, thank you, Mr. Walters. Mr. Brooke, do you have anything further? Thank you, Your Honors. The fact and the evidence for the ALJ don't bear out the plain indifference. While he placed Vinny Vineyard in charge of the DSMTs, clearly Vinny was the only person that had the requisite knowledge to be able to do that. Did he monitor his brother's activities all the time? No, he didn't. But Darren had no experience in maintaining these DSMTs. So the ATF would put their position that it would be better to put Darren, who had no experience doing this, to put him in charge of the DSMTs rather than his brother Vinny. Now, DCV worked very hard to try and satisfy the requirements of the ATF. They changed their recordkeeping. The evidence shows that there was some discrepancy in how records would be maintained and whether certain items coming into the packhouse were to be regulated or kept in one way or another. DCV was demonstrating all throughout the course of this that they weren't plainly indifferent. They were working very hard to try and satisfy the regulations. They were working very hard to try and make sure that the ATF was satisfied. Did they meet all their requirements? No, they didn't. But that's not as a result of plain indifference. It's a matter of their bookkeeping wasn't very good, but it's negligence. It's not plain indifference. They understood what the rules were and they tried very hard to comply with those rules. They made changes to satisfy the ATF. They were always trying to work to get that done, but yet they still had these 73 instances of the violations. The 870 pounds, since these are daily magazine records and they're daily records, it just keeps continuing to multiply if you carry one violation to the next day to the next day and you don't have the proper math done in the magazine itself. So you could have multiple violations just from one simple error at the very beginning. So it's the request of DCV that the decision of the director be reversed and that DCV be granted its license. Thank you. Okay. Well, thank you very much, Mr. Brooke. Thank you, Mr. Walters as well. And that completes our day's cases, so the court will be in recess. Thank you.